IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY C. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-132-D |
| ) | |
| THOMAS MATWETWE JUMA; ) | |
| ROADPACER TRANSPORT LIMITED CO., ) | |
| ) | |
| Defendants. ) | |

## ORDER STAYING CASE

This case stems from a car accident that occurred on October 5, 2020 on U.S. Highway 177 in Pottawatomie County, Oklahoma. At the time of the accident, Defendant Thomas Matwetwe Juma was driving a semitruck as part of his employment with Defendant Roadpacer Transport Limited Co. ("Roadpacer"). When a vehicle in front of Plaintiff's vehicle stopped to make an illegal U-turn, traffic suddenly halted. Mr. Juma—who was traveling behind Plaintiff—was unable to stop in time and collided with the rear of Plaintiff's vehicle. In her Complaint, Plaintiff asserts a negligence claim against Mr. Juma, as well as direct negligence claims against Roadpacer. Plaintiff also seeks punitive damages against both Mr. Juma and Roadpacer.

On October 2, 2023, Defendants filed their Motion for Partial Summary Judgment [Doc. No. 25].[1] In their Motion, Defendants argue that, because they stipulate that Mr.

---

[1] Due to several discovery disputes and scheduling issues, the Court twice extended Plaintiff's deadline to respond to Defendants' Motion for Partial Summary Judgment. *See* 10/5/2023 Order [Doc. No. 32]; 12/28/2023 Order [Doc. No. 41]. Ultimately, Plaintiff filed her Response on March 26, 2024.

Juma was acting within the course and scope of his employment with Roadpacer at the time of the accident, Plaintiff's direct negligence claims against Roadpacer (except for negligent entrustment) fail as a matter of law under the Oklahoma Supreme Court's decision in *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997).[2]

As held in *Jordan*, "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of an altercation and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring exposes the employer to no additional liability." *Id.* at 294. Thus, if an employer stipulates that any liability "would be under the *respondeat superior* doctrine," imposing liability under any other theory is "unnecessary and superfluous." *Id.* at 293, 294.

In 2018, however, the Oklahoma Supreme Court decided *Fox v. Mize*, 428 P.3d 314 (Okla. 2018). In *Fox*, the Oklahoma Supreme Court recognized that "an employer's liability for negligently entrusting a vehicle to an unfit employee is a separate and distinct theory of liability from that of an employer's liability under the respondeat superior doctrine." *Id.* at 322. The Court also emphasized that, despite the "tension in [its] case law," *Jordan* "is limited to its facts." *Id.* n.12.

The *Fox* decision cast serious doubt on whether *Jordan* still prevented a plaintiff from asserting direct negligence claims against an employer where—as is the case here—the employer stipulated that its employee was acting within the course and scope of employment. Indeed, as noted in Plaintiff's Opposition to Defendants' Motion for Partial

---

[2] Defendants advance other arguments not relevant for purposes of this Order.

2

Summary Judgment [Doc. No. 51], there exists a split among Oklahoma state and federal courts alike. Some courts have concluded that *Fox* did indeed limit *Jordan* to its facts and, therefore, a plaintiff can assert direct negligence claims against an employer even when the employer stipulates to respondeat superior liability. *See id.* at 16-17 (listing cases).[3] Other courts, including the undersigned and numerous judges in the Western District of Oklahoma, have concluded that *Jordan* has not been explicitly overruled and remains good law. Therefore, under this line of cases, direct negligence claims against an employer (except negligent entrustment) are superfluous when the employer has stipulated to respondeat superior liability. *See, e.g.*, *CTC, Inc. v. Schneider Nat'l Inc.*, No. CIV-20-1235-F, 2021 WL 2295512, at *2 (W.D. Okla. June 4, 2021); *Estate of Ratley by and through Ratley v. Awad*, No. CIV-19-265-PRW, 2021 WL 1845497, at *4-5 (W.D. Okla. May 7, 2021); *Gregory v. Lindamood Heavy Hauling, Inc.*, No. CIV-22-327-R, 2022 WL 2792203, at *3 (W.D. Okla. July 15, 2022); *Sykes v. Bergerhouse*, No. CIV-20-333-G, 2021 WL 966036, at *3 (W.D. Okla. Mar. 15, 2021); *Annesse v. U.S. Xpress, Inc.*, No. CIV-17-655-C, 2019 WL 1246207, at *3 (W.D. Okla. Mar. 18, 2019); *Schriner v. Gerard*, No. CIV-23-206-D, 2023 WL 3138026, at *2 (W.D. Okla. Apr. 27, 2023).

On February 21, 2024, in an attempt to gain clarity on this issue, Judge John D. Russell of the Northern District of Oklahoma certified the following question to the Oklahoma Supreme Court:

> Whether *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997) prevents a plaintiff who asserts both vicarious liability claims and direct negligence claims against an

---

[3] All citations to the parties' filings reference the ECF file-stamped page number at the top of each page.

employer—but does not assert an intentional tort claim—from maintaining claims against the employer for negligent hiring, training, retention, or supervision where the employer has stipulated that its employee was acting within the course and scope of employment?

*Richardson v. Sibley*, No. 23-CV-00059-JDR-MTS, 2024 WL 709206, at *4 (N.D. Okla. Feb. 21, 2024).

In her Response, Plaintiff (as does nearly every plaintiff in trucking accident cases involving the claims asserted here) argues that *Fox* allows her to maintain direct negligence claims against Roadpacer, despite Roadpacer stipulating to respondeat superior liability. However, Plaintiff submits that, "if the Court is inclined to agree with Defendants' position [that her direct negligence claims against Roadpacer are superfluous under *Jordan*], . . . such a decision [on Defendants' Motion for Partial Summary Judgment should] be held in abeyance pending the Oklahoma Supreme Court's resolution of [the] issue [certified to it by Judge Russell]. . . ." Pl.'s Opp. at 17.

Upon consideration, the Court agrees that the prudent course of action is to await the Oklahoma Supreme Court's decision in *Richardson v. Sibley*, which will presumably have a direct impact on Defendants' Motion for Partial Summary Judgment and, likely, the resolution of this case as a whole.

**IT IS THEREFORE ORDERED** that this case is **STAYED** pending the Oklahoma Supreme Court's resolution of the certified question in *Richardson v. Sibley*, Case No. CQ-122003.[4]

---

[4] The *Richardson v. Sibley* case docket can be found at the following OSCN link: https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=CQ-122003&cmid=137182.

4

**IT IS FURTHER ORDERED** that the Court Clerk is directed to administratively close this case. Within **14 days** of the Oklahoma Supreme Court resolving the certified question in Case No. CQ-122003, the parties shall file a joint notice with the Court informing it of the Oklahoma Supreme Court's ruling. In the joint notice, the parties shall also state which of the currently pending motions [Doc. Nos. 26, 27, 28, 30, 57], aside from Defendants' Motion for Partial Summary Judgment, remain ripe for adjudication. Failure to file the joint notice may result in this case being dismissed without prejudice and without further notice the parties.

**IT IS SO ORDERED** this 14th day of June, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge