IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY C. TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-23-132-D |
| THOMAS MATWETWE JUMA; and ROADPACER TRANSPORT LIMITED CO., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Compel Documents from Defendant Roadpacer Transport, Limited Co. [Doc. No. 57]. Defendant Roadpacer Transport Limited Co. ("Roadpacer") filed a Response [Doc. No. 64], and Plaintiff filed a Reply [Doc. No. 66]. The matter is fully briefed and at issue.

### BACKGROUND

This case stems from a car accident that occurred on October 5, 2020 on U.S. Highway 177 in Pottawatomie County, Oklahoma. At the time of the accident, Defendant Thomas Matwetwe Juma was driving a semitruck as part of his employment with Roadpacer. When a vehicle in front of Plaintiff's vehicle stopped to make a U-turn, traffic suddenly came to a stop. Mr. Juma—who was traveling behind Plaintiff—was unable to stop in time and collided with the rear of Plaintiff's vehicle.

In her Complaint, Plaintiff asserted a negligence claim against Mr. Juma and alleged that Roadpacer has *respondeat superior* liability for Mr. Juma's conduct. Plaintiff also asserted direct negligence claims against Roadpacer and sought punitive damages against

both Defendants. However, the Court granted summary judgment in favor of Roadpacer as to Plaintiff's direct negligence claims against it (except for negligent entrustment). The only claims remaining are negligence as to Mr. Juma (with the *respondeat superior* allegation as to Roadpacer) and negligent entrustment as to Roadpacer, along with Plaintiff's request for punitive damages.

In the instant Motion, Plaintiff seeks an order compelling Roadpacer to produce Mr. Juma's logbooks for the 90 days preceding the accident. Roadpacer has produced Mr. Juma's logbooks from the 14 days preceding the accident and maintains its production is sufficient.

## STANDARD OF DECISION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The considerations bearing on proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Therefore, "information is relevant if it 'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action." 1 Steven S. Gensler & Lumen N. Mulligan, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 26.

2

An "objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Bd. of Trustees of the Univ. of Ill. v. Micron Tech., Inc.*, No. 2:11-cv-2288, 2016 WL 4132182, at *3 (C.D. Ill. Aug. 3, 2016). If a discovery request seeks relevant information on its face, the objecting party bears the burden of establishing that the requested discovery is not relevant or is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005).

## DISCUSSION

Plaintiff's Request for Production ("RFP") No. 8 to Roadpacer, along with Roadpacer's response, read as follows:

> **REQUEST NO. 8:** Complete and clearly readable copies of all driver's record of duty status or driver's daily logs and 70/60 hour – 8/7 day summaries or otherwise described work time records pertaining to Thomas Juma for the three months leading up to and including the date of the collision at issue and as in accordance with FMCSR 395.
>
> **RESPONSE NO. 8:** Objection. This request is overly-broad and not appropriately limited in time or scope. Without waiving any objections, please see documents bates labeled Roadpacer_000042-000049;000052-000094; 000103-000441; 000468-000510.

Pl.'s Mot. to Compel, Ex. 1 [Doc. No. 57-1] at 2. Plaintiff states that Roadpacer initially produced logbooks for 14 days in 2021, instead of 2020 (when the accident occurred). Roadpacer later supplemented its production with logbooks from the 14 days preceding the accident, but still maintains that RFP No. 8 is overbroad and seeks irrelevant information.

3

Because RFP No. 8 appears to seek relevant information on its face, Roadpacer must show that the requested information is of marginal relevance or demonstrate some harm that outweighs the broad scope of discovery. Roadpacer fails to do so. Boiled down, Roadpacer contends the additional 76 days of logbooks are not relevant to Plaintiff's negligent entrustment claim because Mr. Juma was in compliance with applicable hours of service regulations at the time of the accident. Roadpacer Resp. at 6. Therefore, Roadpacer continues, whether Mr. Juma "misclassified a trip three months prior to the subject incident would not be relevant to the issue of whether [it] negligently entrusted the vehicle to [Mr. Juma] immediately prior to the subject accident." *Id.*

Roadpacer may be right, but, in the Court's view, a negligent entrustment claim encompasses more—sometimes much more—than the days immediately preceding an accident. For example, consider a case involving an accident where the at-fault driver was intoxicated and had been arrested for 6 DUIs over the course of the preceding three years. It may be true that the driver had not been arrested for a DUI in the two weeks preceding the accident, but it cannot be said that the 6 DUIs he was arrested for are irrelevant in determining whether he was negligently entrusted with a vehicle.

The same is true here, although obviously to a lesser extent. It may be true that Mr. Juma was in compliance with applicable hours of service regulations at the time of the accident. But if Mr. Juma consistently misclassified trips in the weeks and months leading up to the subject accident, and Mr. Juma was not in compliance with applicable hours of service regulations, a reasonable juror could view that evidence as tending to show that

Roadpacer negligently entrusted Mr. Juma with the semitruck.[1] *See Green v. Harris*, 70 P.3d 866, 871 (Okla. 2003) ("The question of negligent entrustment is one of fact for the jury, and may be proven by circumstantial as well as positive or direct evidence.").

However, Plaintiff provides no argument or reasoning as to why 90 days' worth of logbooks—as opposed to any other number—is reasonable, and the Court will not venture to guess. Therefore, the Court will require Roadpacer to produce Mr. Juma's logbooks from the 60 days immediately preceding his accident with Plaintiff, as two months' worth of records appears sufficient, given the circumstances of this case.

## CONCLUSION

For these reasons, Plaintiff's Motion to Compel Documents from Defendant Roadpacer Transport, Limited Co. [Doc. No. 57] is **GRANTED** in part.

**IT IS THEREFORE ORDERED** that, within 30 days of the issuance of this Order, Roadpacer shall produce Mr. Juma's logbooks for the 60-day period immediately preceding his accident with Plaintiff.[2]

---

[1] Or perhaps Mr. Juma's logbooks contain other information that could reasonably support Plaintiff's negligent entrustment claim. The Court certainly is not advocating for a "fishing expedition" approach to discovery. But given the relevance of the logbooks, and the seemingly low burden on Roadpacer in producing such records, the Court is confident this Order does not stray into the "fishing expedition" realm. *See* 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 26 ("[I]nformation is relevant if it 'bears on' or might reasonably lead to information that 'bears on' any material fact or issue in the action.").

[2] Of course, because Roadpacer already produced Mr. Juma's logbooks from the 14-day period immediately preceding the accident, it need only produce the additional 46 days' of records.

**IT IS SO ORDERED** this 7th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge