IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY C. TAYLOR, )<br>    Plaintiff, )<br>v. )<br>THOMAS MATWETWE JUMA; and )<br>ROADPACER TRANSPORT LIMITED SO., )<br>    Defendants. ) | Case No. CIV-23-132-D |

## ORDER

Before the Court is Non-Party Old Republic Insurance Company's Motion to Intervene and Consolidate Case Number 5:23-CV-01036-G, W.D. Okla. With This Action [Doc. No. 63]. Plaintiff filed an Objection [Doc. No. 67], and Old Republic's deadline to file a reply has expired. Therefore, the matter is fully briefed and at issue. For the reasons detailed below, the Motion will be denied.

### BACKGROUND

This case stems from a car accident that occurred on October 5, 2020 on U.S. Highway 177 in Pottawatomie County, Oklahoma. At the time of the accident, Defendant Thomas Matwetwe Juma was driving a semitruck as part of his employment with Defendant Roadpacer Transport Limited Co. ("Roadpacer"). When a vehicle in front of Plaintiff's vehicle stopped to make a U-turn, traffic suddenly came to a stop. Mr. Juma— who was traveling behind Plaintiff—was unable to stop in time and collided with the rear of Plaintiff's vehicle.

On September 6, 2022, Plaintiff filed suit in the District Court for Pottawatomie County, Oklahoma, and Defendants removed the case to the Western District of Oklahoma. In her Complaint, Plaintiff asserted a negligence claim against Mr. Juma and alleged that Roadpacer has *respondeat superior* liability for Mr. Juma's conduct. Plaintiff also asserted direct negligence claims against Roadpacer and sought punitive damages against both Defendants. However, the Court granted summary judgment in favor of Roadpacer as to Plaintiff's direct negligence claims against it (except for negligent entrustment). The only claims remaining are negligence as to Mr. Juma (with the *respondeat superior* allegation as to Roadpacer) and negligent entrustment as to Roadpacer, along with Plaintiff's request for punitive damages.

On August 26, 2024, while this case was stayed pending a decision from the Oklahoma Supreme Court in *Richardson v. Sibley*, Case No. CQ-122003, Plaintiff filed a separate lawsuit against Old Republic, her auto insurer, alleging breach of contract and breach of the implied duty of good faith and fair dealing (the "UM case"). The UM case, Case No. CIV-24-1036-G, is assigned to United States District Judge Charles Goodwin and, based on the Court's review of the docket, has not proceeded past the preliminary stage.

## STANDARD OF DECISION

### I.   Permissive Intervention

Fed. R. Civ. P. 24(b) provides that the Court "may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "In exercising

2

its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

## II. Consolidation

Rule 42(a)(2) gives a district court discretionary authority to consolidate actions that involve a common question of law or fact. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). If a common question exists in separate cases for which consolidation is sought, the district court should "weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice [that] consolidation might cause." *Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994); *see also Garrett Dev. LLC v. Deer Creek Water Corp.*, Case No. CIV-18-298-D, 2020 WL 2516167, *1 (W.D. Okla. May 15, 2020).

"[C]ourts have found that consolidation may be inappropriate where the two actions are at such widely separate stages of preparation that consolidation of the cases would cause further delay and could prejudice the parties." *Arnold ex rel. Chesapeake Energy Corp. v. McClendon*, Case No. CIV-11-985-M, 2012 WL 13024672, *2 (W.D. Okla. June 20, 2012) (internal quotation omitted). "The party moving for consolidation bears the burden of proving that consolidation is desirable." *Servants of Paraclete*, 866 F. Supp. at 1572; *see Shump*, 574 F.2d at 1344 (finding movants "failed to meet their burden to establish that consolidation would promote trial convenience and economy in

administration or that they have suffered any injury as a result of the trial court's refusal to consolidate").

## DISCUSSION

As an initial matter, Old Republic appears to conflate intervention and consolidation, and it is difficult to follow which arguments it advances in support of each. The Court recognizes that, at bottom, Old Republic seeks to participate in this case, so perhaps it does not particularly care which mechanism would allow it to do so. But intervention and consolidation are distinct procedural mechanisms. Indeed, the Court could allow Old Republic to intervene in this case without consolidating it with the UM case. And the Court could consolidate this case with the UM case without allowing Old Republic to intervene in this case. Therefore, the Court will separately address each procedural mechanism and, to the best of its ability, analyze Old Republic's arguments accordingly.

### I.    Permissive intervention under Rule 24(b)(1) is unwarranted.

Because Old Republic is not "given a conditional right to intervene by a federal statute," it must establish that it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). Old Republic relies primarily on the Oklahoma Supreme Court's decision in *Keel v. MFA Ins. Co.*, in which the court concluded that "it is permissible for an insured to join his insurer as a party defendant in an action against an uninsured motorist" and, based on that conclusion, further reasoned that:

> [A]n insured who has a claim against an uninsured motorist has the following options:

4

> (1) He may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action.
>
> (2) He may file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action.
>
> (3) He may file an action against the uninsured motorist without joining the insurance company as a party defendant, but give adequate notice of the filing and pendency of such action to the insurance company so they take whatever action they desire, including intervention.
>
> (4) He may file an action against the uninsured motorist and give no notice to the insurance company.

553 P.2d 153, 158 (Okla. 1976) (internal citation omitted).

If the court determines "that no prejudice will result in litigating all of the issues in one trial, the insurer is bound by the judgment as to all issues, including liability and damages under the options described in one, two and three." *Id.* at 159. But "[o]nly in option four is the insurance company not bound by the judgment." *Id.* Based on the *Keel* court's holding, Old Republic maintains that Plaintiff cannot "maintain two separate actions, one against the tortfeasor and one against the insurer, thereby binding the insurer to any judgment against the tortfeasor, while disallowing the insurer the opportunity to defend the action." Old Republic Mot. at 4.

In response, Plaintiff argues that the cases are both factually and legally different, and *Keel* is not instructive, as the plaintiff there did not assert a bad-faith claim against its UM insurer. *See* Pl.'s Resp. at 5.

Upon consideration, the Court finds permissive intervention unwarranted. First, as noted above, Rule 24(c) requires a motion to intervene to "be accompanied by a pleading

5

that sets out the claim or defense for which intervention is sought." "The purpose of [Rule 24(c)] . . . is to enable the court to determine whether the [movant] has the right to intervene, and, if not, whether permissive intervention should be granted." *Miami Cnty. Nat'l Bank of Paola, Kan. v. Bancroft*, 121 F.2d 921, 926 (10th Cir. 1941) (affirming the denial of intervention where no pleading was filed with the motion, as required by Rule 24(c)).

Old Republic gives no reason for its failure to include such a pleading, nor can the Court discern one. Because "[f]ailing to attach such a pleading complicates the court's task of evaluating the movant's legal position," the Court may "properly deny the [motion] to intervene on procedural grounds alone." *Sears Roebuck and Co. v. IPofA Salina Cent. Mall, LLC*, Case No. 08-4125-SAC, 2009 WL 1664614, at *2 (D. Kan. June 15, 2009). The Court will not do so here, but it would act well within its discretion in doing so.

Second, as for Old Republic's reliance on *Keel*, it appears to the Court that Plaintiff has done what is explicitly set forth as option four: "[Plaintiff] may file an action against the uninsured motorist and give no notice to the insurance company." *Keel*, 553 P.2d at 158. As best the Court can tell, Plaintiff filed the present action against Mr. Juma (the alleged underinsured motorist in the UM case) and gave "no notice to" Old Republic. *See id.* at 159. Therefore, under the explicit holding in *Keel*, Old Republic is "not bound by the judgment" in this case. *See id.*

Third, aside from the underlying accident, it is unclear to the Court what "common question of law or fact" this case shares with the UM case. As Plaintiff notes, the cases involve entirely different causes of action, and the facts central to each case appear to be

6

different. Of course, each case—at a basic level—stems from the accident involving Plaintiff and Mr. Juma, but that appears to be where the similarities end.

Fourth, the Court must comply with its duty to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Although it is difficult to say with certainty what impact Old Republic's intervention would have on this case, Plaintiff's points are well-taken. Namely, this case is over two years old, significant discovery has occurred, the Court has ruled on a dispositive motion, and the parties have retained expert witnesses. It is likely safe to assume that some of the already-conducted discovery would be applicable to the claims and defenses in the UM case, but it is equally as likely that the majority would be inapplicable.[1]

For these reasons, the Court finds that Old Republic's intervention under Rule 24(b) is unwarranted.

## II. Old Republic fails to carry its burden regarding consolidation.

Setting the intervention issue aside, the Court is far from convinced consolidation of this case and the UM case is warranted. Old Republic's argument on this front can be boiled down to its assertions in Paragraph 6 of the Motion:

> Central to both *Taylor v. Juma* and *Taylor v. Old Republic* are common factual issues concerning the occurrence of and liability of Juma and Roadpacer for the accident; the nature and extent of Plaintiff's alleged injuries; the alleged permanency of Plaintiff's alleged injuries; Plaintiff's alleged physical impairment; the value of Plaintiff's alleged physical pain and suffering, past and future; the value of Plaintiff's alleged mental pain and suffering, past and future; Plaintiff's physical condition before the accident and her pre-existing and naturally occurring conditions; the reasonableness and necessity of

---

[1] Of course, the parties are free to stipulate to discovery modifications in the UM case. *See* Fed. R. Civ. P. 29.

> Plaintiff's medical care, treatment, and services; the reasonableness and value of Plaintiff's claimed medical and treatment expenses, past and future; the reasonableness and value of Plaintiff's alleged lost earnings and/or impairment of earning capacity, and the reasonableness and value of other damages alleged by Plaintiff to have resulted from the accident.

Old Republic Mot. at 2. In other words, Old Republic relies exclusively on the circumstances surrounding Plaintiff's alleged injuries and resulting damages.

In response, Plaintiff concedes that, although "there may be limited common facts regarding [Plaintiff's] injury," the stage of this case, along with the overall lack of commonality between the claims in each case, weigh against consolidation. *See* Pl.'s Resp. at 2, 3, 5.

Upon consideration, the Court finds that Old Republic has failed to carry its burden in showing that consolidation of this action with the UM case is warranted. Several considerations support the Court's conclusion. First, the cases do share common facts in that Plaintiff's accident with Mr. Juma is the genesis for each case. But as mentioned above, that is where the commonality appears to end. This case involves negligence-based claims against the driver of the semitruck, Mr. Juma, and his employer, Roadpacer. The UM case involves a breach-of-contract and bad-faith claim against Plaintiff's auto insurer, Old Republic. In other words, the cases are entirely different—both factually and legally.

Second, the different stages of the two cases weigh against consolidation. This case is over two years old, significant discovery has been conducted, the parties have retained expert witnesses, and the Court has ruled on a motion for summary judgment. Conversely, the UM case's docket shows no substantive activity. At this stage of the case, it is unclear to the Court what purpose consolidation would serve. As explained above, the claims to be

litigated at trial overlap little, if at all, thus making a consolidated trial impractical. And the bulk of discovery has been completed, thus making consolidated discovery impractical. Had Old Republic's Motion been filed two years ago (or around that time), the Court's analysis would likely be quite different. But at this juncture, consolidation does not make practical sense and would risk delaying and confusing the issues in this case.

Third, and as another practical matter, Old Republic provides no reasoning as to why the Defendants in this case are not vigorously and actively contesting Plaintiff's damages. As best the Court can tell, Defendants are engaging in the steps necessary to discern and contest Plaintiff's injuries and damages, and Defendants presumably will continue to do so should this case proceed to trial.

For these reasons, the Court finds that Old Republic fails to carry its burden in showing consolidation of this case and the UM case is appropriate. *Servants of Paraclete*, 866 F. Supp. at 1572; *Shump*, 574 F.2d at 1344.

## CONCLUSION

For these reasons, Old Republic fails to carry its burden in showing that permissive intervention or consolidation is warranted.

**IT IS THEREFORE ORDERED** that Non-Party Old Republic Insurance Company's Motion to Intervene and Consolidate Case Number 5:23-CV-01036-G, W.D. Okla. With This Action [Doc. No. 63] is **DENIED**.

9

**IT IS SO ORDERED** this 13th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge