**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRITTANY C. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-132-D |
| | ) | |
| THOMAS MATWETWE JUMA; and | ) | |
| ROADPACER TRANSPORT LIMITED CO., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

Before the Court is Plaintiff's Unopposed Motion to Clarify [Doc. No. 70]. Non-party Old Republic Insurance Company ("Old Republic") filed a response [Doc. No. 71], and Plaintiff filed a reply [Doc. No. 72]. The matter is fully briefed and at issue.

On March 13, 2025, the Court denied Old Republic's Motion to Intervene and Consolidate Case Number 5:23-CV-01036-G, W.D. Okla. With This Action [Doc. No. 63] ("Motion to Intervene"). 3/13/2025 Order [Doc. No. 69]. A detailed recitation of the procedural background and parties' arguments can be found in the Court's March 13th order and will not be repeated at length. Relevant here, the Court found that, as best as it could tell based on the limited information provided by Plaintiff and Old Republic, it appeared Plaintiff had followed one of the options set forth by the Oklahoma Supreme Court in *Keel v. MFA Ins. Co.*, 553 P.2d 153, 158 (Okla. 1976), by filing this lawsuit and giving no notice to Old Republic. *See id.* at 6. Therefore, because it appeared Plaintiff had not provided Old Republic with notice of this lawsuit, the judgment in this case would not bind Old Republic in the UM case. *Id.*

After the Court's order, Plaintiff filed a Motion to Clarify, in which she states that she did provide Old Republic with notice of this lawsuit and, therefore, the judgment in this case would bind Old Republic in the UM case. More specifically, Plaintiff notes that she "did give notice of this action to Old Republic on December 13, 2023, in an e-mail to Mr. Rob James, counsel for Old Republic." Pl.'s Mot. to Clarify at 1-2. In that email, Plaintiff's counsel attached numerous discovery-related items produced, or generated, in this case. *See id.* at 2. Based on these items, Plaintiff maintains "Old Republic had notice as early as December 13, 2023, that Plaintiff filed a lawsuit against the Defendants for injuries she sustained in the underlying motor vehicle collision" and, therefore, "would be bound by the judgment pursuant to the Oklahoma Supreme Court's decision in *Keel*." *Id.* at 2-3.

Old Republic's counsel acknowledges that he received the above-mentioned December 13, 2023 email, but insists that the email did not constitute proper notice under *Keel*. Old Republic points to the fact that Plaintiff initially filed this lawsuit on September 6, 2022 but did not provide any sort of notice until December 13, 2023—over a year after this case was filed and after much of the discovery had already been conducted. Old Republic Resp. at 1-2. Further, Plaintiff's UM claim to Old Republic "was first made on September 19, 2023," but did not mention this lawsuit. *Id.* at 3. Therefore, Old Republic states that it "understands that the Court believes this matter is too long in the tooth to add another party or to consolidate with the [UM case]," but it believes the "Court was correct in its pronouncement that Old Republic was not given notice of the filing of this suit and is therefore 'not bound by the judgment in this case.'" *Id.* at 5.

2

There is one point worth noting up front: none of the detailed information included in Plaintiff's Motion to Clarify, Old Republic's Response, or Plaintiff's Reply was before the Court when it decided Old Republic's Motion to Intervene. Indeed, even a cursory review of Old Republic's Motion to Intervene reveals no discussion—at all—regarding the adequacy of any notice provided by Plaintiff. Likewise, Plaintiff's response [Doc. No. 67] to the Motion to Intervene avoids the issue altogether, instead focusing on the differences between this case and the UM case. One would think, given the apparent importance of Plaintiff's notice (or lack thereof), Old Republic would have filed a reply addressing this critical point. It did not.[1]

Suffice it to say, all of the detailed information included in the instant briefing would have been nice to have when the Court originally decided Old Republic's Motion to Intervene. But none of it changes the Court's conclusion as to Old Republic intervening in this case or consolidating this case with the UM case. The Court acknowledges that the extent of Plaintiff's injuries is an issue in both cases, but the bulk of discovery aimed at that issue appears to have already been conducted here. Aside from that, Old Republic has no role to play in Plaintiff's negligent entrustment claim against Roadpacer. At bottom, this case and the UM case are at vastly different stages, and, given the advanced stage of this case, it is unclear to the Court what purpose Old Republic's intervention would serve.

---

[1] For what it is worth, it seems both parties could have done better. Plaintiff could have provided Old Republic with notice of this lawsuit at an earlier date. On the other hand, Old Republic could have sought to intervene in this case in December 2023 (or soon thereafter), as opposed to waiting until February 2025.

That leaves us with the issue of whether the judgment in this case will bind Old Republic in the UM case, but that is not for this Court to say, as that issue would be more properly decided by Judge Goodwin in the UM case. Indeed, under these circumstances, it strikes the Court as odd, if not improper, for it to render an opinion as to whether parties in an entirely different, pending case are bound by any judgment the Court enters here.

For these reasons, and to the extent the parties and Old Republic need clarity, the Court reaffirms its conclusion that Old Republic's intervention in this case is unwarranted. The same is true for consolidating this case with the UM case. However, the Court takes no position on whether Plaintiff provided Old Republic with adequate notice of this lawsuit and, in turn, whether the judgment in this case will bind Old Republic in the UM case. The parties are free to litigate that issue in the UM case.

**IT IS SO ORDERED** this 27th day of March, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge