IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTANY C. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-132-D |
| ) | |
| THOMAS MATWETWE JUMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion in *Limine* to Exclude Defendants' Experts [Doc. No. 74]. Defendants filed a Response [Doc. No. 76], and Plaintiff filed a Reply [Doc. No. 77]. Additionally, before the Court is Defendants' Opposed Motion to Extend the Scheduling Order Deadlines [Doc. No. 80]. Plaintiff filed a Response [Doc. No. 81]. Moreover, before the Court is the parties' Joint Motion to Extend the Exhibit Exchange Deadline. [Doc. No. 82]. The Motions are fully briefed and at issue.

## BACKGROUND

This case stems from a car accident that occurred on October 5, 2020 on U.S. Highway 177 in Pottawatomie County, Oklahoma. At the time of the accident, Defendant Thomas Matwetwe Juma was driving a semitruck as part of his employment with Defendant Roadpacer Transport Limited Co. ("Roadpacer"). When a vehicle in front of Plaintiff's vehicle stopped to make a U-turn, traffic suddenly came to a stop. Mr. Juma—who was traveling behind Plaintiff—was unable to stop in time and collided with the rear of Plaintiff's vehicle.

1

On April 11, 2023, the Court entered a Scheduling Order which, in relevant part, established Plaintiff's expert disclosure deadline as August 4, 2023, and Defendants' expert disclosure deadline as August 18, 2023. [Doc. No. 13]. On August 15, 2023, Defendants filed an unopposed Motion for Extension of Scheduling Order Deadlines. [Doc. No. 15]. On August 16, 2023, the Court entered an Order granting Defendants' Motion for Extension of Scheduling Order Deadlines, which, in relevant part, extended Defendants' expert disclosure deadline to September 18, 2023. [Doc. No. 16].

On August 18, 2023, Defendants noticed Plaintiff for an Independent Medical Examination ("IME") pursuant to Fed. R. Civ. P. 35 to occur on September 7, 2023, by Dr. Gregory Zeiders at Dr. Zeiders' office. On September 7, 2023, Plaintiff and Plaintiff's counsel refused to allow the IME to proceed due to a dispute over Dr. Zeiders' pre-examination paperwork. On September 18, 2023, Defendants filed their expert disclosures identifying Dr. Zeiders as Defendants' medical expert, and Lisa Cox as Defendants' vocational rehabilitation expert. [Doc. No. 21]. Defendants assert that they did not produce an IME report from Dr. Zeiders on September 18, 2023, because the IME had not occurred due to Plaintiff's refusal. Similarly, Defendants assert that they did not produce a report by Ms. Cox to Plaintiff because Ms. Cox's report would be heavily reliant upon Dr. Zeiders' IME report.

On September 26, 2023, Defendants filed a Motion to Compel Plaintiff to submit to an IME with Dr. Zeiders.[1] [Doc. No. 23]. On February 7, 2024, the Court granted

---

[1] On October 27, 2023, the Court denied without prejudice Defendants' motion due to lack of the required pre-motion conference. [Doc. No. 37]. Parties were able to meet and confer

2

Defendants' Motion to Compel Plaintiff's IME but denied Defendants' request for fees and costs. [Doc. No. 47]. In relevant part, the Order requires "that **the parties** are to reach an agreement on a date and time for Plaintiff to appear for an IME." [Doc. No. 47] (emphasis added). On June 4, 2024, the parties filed a Joint Motion to Extend Scheduling Order Deadlines, including extending the parties' expert designation deadline to July 15, 2024. [Doc. No. 58]. In support of their motion, the parties represented to the Court that such extension was necessary because Plaintiff underwent surgery allegedly related to the accident on April 16, 2024, and thus, Plaintiff's IME had been prevented from being scheduled. [Doc. No. 58 at ¶¶ 6-7]. On June 5, 2024, the Court granted the parties' Joint Motion, which extended the parties' expert disclosure deadline to July 15, 2024. [Doc. No. 59].

Before the parties' expert disclosure deadline expired, the Court *sua sponte* entered an Order staying the entire case. [Doc. No. 60].[2] On January 27, 2025, the parties provided notice that the stay should be lifted and a new scheduling order entered. [Doc. No. 61]. On January 29, 2025, the Court entered a new scheduling order, but inadvertently failed to provide a new deadline for the parties' expert disclosures. *Id.* Because the parties' expert disclosure deadline had not expired at the time the Court entered the stay on June 14, 2024, a new expert disclosure deadline should have been included in the new scheduling order. *Id.* Moreover, the scheduling order did not set this matter on the Court's trial docket.

---

in person on November 14, 2023, but did not resolve the issue. Defendants refiled their motion on January 10, 2024. [Doc. No. 42].
[2] The Court's reasoning for entering its June 14, 2024 Order —which stayed this matter— is not relevant to this Order; the Court will not re-cite its reasoning here.

3

On April 9, 2025, Plaintiff filed a Motion in *Limine* requesting the Court to exclude Defendants' Experts. [Doc No. 74]. Plaintiff asserts that Defendants' experts, Dr. Zeiders and Ms. Cox, should be excluded because Defendants' expert disclosures failed to meet the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). *Id.* In response, Defendants request the Court to deny Plaintiff's Motion. [Doc. No. 76]. The Defendants assert that on January 18, 2024, Defendants provided Plaintiff with Dr. Zeiders and Ms. Cox's CVs and fee schedule, Dr. Zeiders' testimony history, and a report from Dr. Zeiders dated September 7, 2023, that is based on his review of Plaintiff's medical records and a supplementary report dated September 29, 2023 regarding such records. *Id.* at p. 3-4. Defendants further assert that they have been unable to produce Dr. Zeiders' IME report, because Plaintiff's IME has not occurred despite the Court's Order requiring it. Moreover, Defendants assert that the lack of an IME has created a domino effect preventing them from producing Ms. Cox's report because her report will be heavily reliant on the IME report. *Id.* at p. 4.

On May 30, 2025, Defendants filed a Motion to Continue Scheduling Order Deadlines. [Doc. No. 80]. Defendants request the Court continue the Scheduling Order deadlines between 90 and 120 days, so that Defendants may conduct further expert discovery, such as the IME of Plaintiff, follow up discovery on Plaintiff's non-treating medical expert, Dr. Smith's, supplemental reports dated April 9 and June 6, 2025, and follow up discovery on Plaintiff's vocational rehabilitation expert, Lon Huff's, supplemental report dated April 24, 2025. *Id.* Plaintiff asks the Court to deny Defendants' Motion. [Doc. No. 81]. Plaintiff asserts that Defendants have failed to show good cause to modify the scheduling order, because Defendants allegedly could have conducted the IME

4

prior to the expiration of the scheduling order deadline; and Plaintiff's experts' supplemental reports allegedly do not provide new information. *Id.* at p.1-2.

On June 26, 2025, the parties filed a Joint Motion to Extend the Scheduling Order deadline for the Parties to exchange exhibits. [Doc. No. 82].

## STANDARD OF REVIEW

"A schedule[ing order] may be modified only for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). To satisfy the good cause standard, the movant must show "the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gale v. City and Cnty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020). "[N]ewly-obtained information, if it was truly unknown and unavailable, can constitute a good-cause basis for modifying the Scheduling Order." *Id.* "A scheduling order which results in the exclusion of evidence is, moreover, a drastic sanction." *Rimbert v. Eli Lilly and Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) (internal quotation omitted).

## DISCUSSION

### I.   Defendants' Motion for Extension of Scheduling Order Deadlines.

Defendants have sufficiently demonstrated "good cause," and that Plaintiff will not be unduly prejudiced by the granting of an extension of the scheduling order deadlines.

Defendants argue that Plaintiff's refusal to participate in her originally noticed IME has prevented them from timely obtaining Plaintiff's IME under the current scheduling order. In response, Plaintiff asserts that Defendants could have obtained Plaintiff's IME at any time after the Court ordered "the parties" to work together on scheduling the IME. However, from February 2024 through January 29, 2025, Plaintiff's assertion is contrary

5

to the parties' prior representations to the Court and the Court's issuance of a stay in this matter. *See* Doc. Nos. 58 & 60. Indeed, as provided in the parties' Joint Motion to Extend Scheduling Order Deadlines dated June 4, 2024, the parties represented to the Court that the Plaintiff underwent surgery allegedly related to the accident on April 16, 2024. [Doc. No. 58 at ¶¶ 6-7]. The parties represented that such surgery prevented the parties from scheduling Plaintiff's IME. *Id.* Based on such representations, the Court extended the parties' expert disclosure deadline to July 15, 2024. [Doc. No. 59]. However, before the deadline expired, the Court entered a stay for all deadlines in this matter on June 14, 2024. [Doc. No. 60].

Because prior to its expiration, the parties' expert disclosure deadline was stayed, a deadline should have been reset in the Amended Scheduling Order. [Doc. No. 62]. It was not. *Id.* The inadvertent omission of the parties' expert disclosure deadline, consequently resulted in there being no deadline. Thus, the entry of a new scheduling order with a deadline for the parties' expert disclosures is necessary.

Regardless, Defendants' asserted need to conduct further discovery as to Plaintiff's vocational rehabilitation expert, Mr. Huff's, supplemental report dated April 24, 2025, and Plaintiff's non-treating medical expert, Dr. Smith's, supplemental reports dated April 9 and June 6, 2025, sufficiently establishes the requisite "good cause" to extend the scheduling order deadlines. *See* Doc. No. 81-3, at p. 11-13, and Doc. No. 81-4, at p. 14-17. In response, Plaintiff asserts that Dr. Smith's supplemental reports merely add that Plaintiff may need to obtain "one or two" arthroplasty surgeries over Plaintiff's lifetime, and Mr. Huff's supplemental report simply calculates the cost of the same. Doc. No. 81, at p. 5. However,

6

it makes little sense to the Court for a party to issue "supplemental reports" if such reports contain no new opinions. Thus, Plaintiff's experts' new opinions sufficiently constitute "new information that was unknown and unavailable" to Defendants; thus, Fed. R. Civ. P. 16's "good cause" requirement has been met. *Gale*, 962 F.3d at 1195.

Additionally, extending the scheduling order deadlines will not unduly prejudice the Plaintiff as this matter is not currently set for trial. *Rimbert*, 647 F.3d at 1254-55 (describing the "critical fact" in weighing whether the extension of a scheduling order would prejudice the opposing party was that there was no trial date set).

Accordingly, Defendants' Motion to Extend the Scheduling Order Deadlines [Doc. No. 80] is **GRANTED.**

**IT IS THEREFORE ORDERED** that the Court resets the following scheduling order deadlines:

| Event | New Deadline |
|---|---|
| Parties' to file a final list of expert witness(es) and serve expert reports by: | September 8, 2025 |
| Discovery deadline: | October 8, 2025 |
| *Daubert* Motions to be filed: | October 8, 2025 |
| Designations of deposition testimony to be filed: | November 7, 2025 |
| Objections and counter-designations to be filed: | November 14, 2025 |
| Objections to counter-designations to be filed: | November 21, 2025 |

| | |
|---|---|
| Motions *in Limine* to be filed: | November 7, 2025 |
| Requested Voir Dire: | November 7, 2025 |
| Requested jury instructions: | November 7, 2025 |
| Trial briefs (optional unless otherwise ordered) to be filed: | November 7, 2025 |
| Any objections or responses to Motions *in limine*, requested voir dire, requested jury instructions, or trial briefs to be filed: | November 21, 2025 |
| Final Pretrial Report, approved by all counsel, and in full compliance with Local Rules (*see* Appendix IV), together with a proposed order approving the report, to be filed by:<br><br>** Objections to exhibits must be shown in the Final Pre-Trial Report or may be deemed waived** | November 7, 2025 |
| Parties to exchange marked exhibits | November 21, 2025 |
| Trial docket: | To be set |

All other provisions in the Scheduling Orders [Doc. Nos. 13, 16, 32, 39, 41, 44, 55, 59, 60, & 62] remain in effect. Further, the following provision is now included in the Court's standard scheduling order and will be imposed in this case:

> Motions in limine shall be consolidated into a single filing, that is subject to the page limitation in LCvR7.1(e). The motion must include a certificate of conference reciting the efforts made to confer with opposing counsel regarding motions in limine. Parties are expected to include only disputed issues in their motions in limine.

**II.     Parties' Joint Motion to Extend the Exhibit Exchange Deadline**

8

The parties request that the deadline to exchange exhibits be extended. [Doc. No. 82]. Upon consideration, the parties' Motion is **GRANTED**.

**IT IS THEREFORE ORDERED** that, as noted in the Scheduling Order above, the parties shall physically exchange marked exhibits pursuant to LCvR. 39.4(a) on or before November 21, 2025.

### III.   Plaintiff's Motion to Exclude Defendants' Experts.

Plaintiff requests this Court exclude Defendants' experts because Defendants' expert disclosures dated September 18, 2023 allegedly do not satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(B). Because the Court is granting the Defendants' Motion for Extension of the Scheduling Order deadlines, and resetting the parties' expert disclosure deadline as September 8, 2025, Plaintiff's Motion to Exclude the Defendants' Experts is **DENIED AS MOOT**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in *Limine* to Exclude Defendants' Experts [Doc. No. 74] is denied as moot.

**IT IS SO ORDERED** this 1st day of July, 2025.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge